**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

ALDO ROMEO GALINDO,

Petitioner,

v.

FERETI SEMAIA, et al.,

Respondents.

No. 5:26-cv-04111-AYP

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. SUMMARY

Petitioner Aldo Romeo Galindo ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. No.1) (the "Petition"). Petitioner is currently detained by Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center in Adelanto, California.

Having reviewed the record, the Court concludes that Petitioner's warrantless arrest violated 8 U.S.C. § 1357(a)(2). Accordingly, the Court ORDERS that the Petition be granted, and a writ of habeas corpus be issued requiring Petitioner's immediate release and prohibiting future re-detention absent adequate pre-deprivation notice and an individualized hearing.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner contends that he is a native and citizen of Mexico and that he last entered the United States in 2004 without inspection. (Dkt. No. 1 ¶16.) Petitioner asserts that he was arrested and taken into ICE custody without a warrant on July 12, 2026, near his home, and in front of his thirteen (13)-year-old-son. *Id.* Petitioner further represents that Respondents did not present a properly executed warrant for Petitioner's arrest and did not inform him of the basis for his arrest. (Dkt. No. 1 ¶17.)

Respondents assert in their Answer that Petitioner appears to be a member of the Bond Eligible class certified in *Maldonado Bautista v. Santacruz*. No. 5:25-CV-01873-SSS-BMF. (Dkt. No. 7 at 2.) Respondents oppose Petitioner's immediate release and assert that the only remedy should be a bond hearing before an Immigration Judge under Section 1226(a). (Dkt. No. 7 at 2-3.) Respondents acknowledge "that Petitioner's claim in this action appears to be subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it." (Dkt. No. 7 at 2.)

Petitioner filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2241 on July 22, 2026. (Dkt. No. 1.) Respondents filed their Answer to the Petition (the "Answer") on July 29, 2026. (Dkt. No. 7.) Petitioner submitted his Reply to Respondents' Answer to the Petition on July 31, 2026. (Dkt. No. 8.) Both parties have consented to proceed before the Magistrate Judge. The matter is now fully briefed and submitted for decision.

## III. DISCUSSION

The Respondents conceded that Petitioner appears to be entitled to an initial bond hearing under *Maldonado Bautista v. Santacruz* which means the Petitioner is a 1226(a) detainee. The Ninth Circuit has since clarified who is a 1226(a) detainee and the rights afforded to them. *See Rodriguez Vazquez v. Bostock*, No. 25-6842 (9th Cir. July 30, 2026).

As a 1226(a) detainee, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). Respondents have failed to justify the warrantless nature of Petitioner's arrest and the circumstances surrounding Petitioner's arrest. Section 287.8(c)(2)(ii) of Title 8 of the Code of Federal Regulations provides: "A warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained." Respondents offer no evidence that the arresting officers had "reason to believe" that Petitioner was "likely to escape" before a warrant could be obtained.

Petitioner asserts that no warrant was issued and that he was detained without notice or a determination that he is a flight risk in violation of 8 U. S.C. Section 1357(a)(2) and 1226(a). More fundamentally, Petitioner's detention since July 12, 2026 without a hearing has violated his due process rights under the federal Constitution. The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*,411 U.S. 475, 484 (1973). A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

Due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law. *See* U.S. Const. Amend. V; *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025); *Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001). Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

Here, the Petitioner has lived at liberty in the United States since 2004 and was not apprehended at or near the border. (Dkt. No. 1 ¶16.) He has a son and was taken into custody when his vehicle broke down in Ventura, California near his home. *Id.* Petitioner has shown he has a constitutionally protected liberty interest in remaining out of custody. *See, e.g., Ramirez-Serna v. Mullin*, 2026 WL 1514337, at *6-7 (C.D. Cal. May 28, 2026) ("Ramirez-Serna"); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberties the government wields significant discretion retain a protected interest in their liberty."). As in *Ramirez-Serna*, the warrantless arrest and detention without a hearing violated federal due process. The most appropriate remedy for this violation would be to return Petitioner to the previous status quo by releasing him from detention. *See Ramirez-Serna*, at 7; *Maciel v. Noem*, 2026 WL 496948, at *5 (E.D. Cal. Feb. 23, 2026); *see also Moctezuma v. Henkey*, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (collecting cases and noting respondents' "refusal to abandon their unlawful policy"); *Domingo v. Kaiser*, 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) (even if the alien received a "prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm . . . that is, his potentially erroneous detention").

"Section 1226(a) 'sets out the general rule' for 'the arrest, detention, and release' of '[noncitizens] present in the country' 'who are believed to be subject to removal.'" *Orea Ruiz*, 2026 WL 2644102, at *3 (*quoting Nielsen v. Preap*, 586 U.S. 392, 396 (2019)). The procedural protections under § 1226(a) and its regulations include, inter alia: (1) a general requirement that arrest of a noncitizen requires an administrative warrant (Form I-200) issued by certain immigration officers, *see* 8 C.F.R. § 236.1(b)3; (2) an initial custody determination by a Department of Homeland Security ("DHS") officer shortly after the outset of detention, in which the noncitizen has the opportunity to

"demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding," *see* 8 C.F.R. § 1236.1(c)(8); (3) the right to seek review of the officer's initial custody determination through a prompt bond hearing before an IJ based on individualized evidence, wherein the IJ will order release on bond if the noncitizen establishes that they are not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (*quoting Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)); (4) the right to appeal an adverse IJ bond decision to the BIA, *see Rodriguez Diaz*, 53 F.4th at 1197 (citing 8 C.F.R. § 236.1(d)(3)); and (5) the right to "request an additional bond hearing whenever he experiences a material change in circumstances," *Rodriguez Diaz*, 53 F.4th at 1197. *See Orea Ruiz*, 2026 WL 2644102, at *4 (explaining this statutory and regulatory framework of § 1226(a)); *Garcia-Maya*, 2026 WL 1965886, at *4 (listing such § 1226(a) protections); *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (listing cases where courts have determined such violations of the § 1226(a) requirements to be "a sufficient basis mandating a petitioner's release").

Here, Petitioner was not provided with the due process he was statutorily entitled to under § 1226(a). (Dkt. Nos. 1 & 8.) Respondents do not provide any information about the circumstances of Petitioner's arrest. Hence, Petitioner's factual assertions are unrebutted. Further, Respondents present no evidence that Petitioner has any criminal record, and it is undisputed that Petitioner had no individualized bond hearing to determine whether he was a danger to the community or flight risk. There is nothing in the record before this Court to suggest that Petitioner poses any danger or risk to the safety of the community.

Therefore, Respondents did not comply with § 1226(a)'s requirements.

Thus, Petitioner's detention has been "unlawful from the outset." *Orea Ruiz*, 2026 WL 2644102, at *7; *see Torres Huerta v. Facility Adm'r, Cent. Valley Annex ICE Processing Ctr.*, No. 1:26-cv-04609 (VC), 2026 WL 2751763, at *1 (E.D. Cal. Sept. 16, 2026) (finding that, because respondents "have not argued that Petitioner was provided the process to which he was statutorily entitled to under § 1226(a), or that Petitioner may be a danger to the community or flight risk if released, his continued detention without any kind of custody determination is unlawful"); *Zurita Navarro*, 2026 WL 2294963, at *2 (finding petitioner's detention unlawful where respondent failed to provide a warrant of arrest, to indicate whether an authorized immigration official made an initial custody determination, or to provide the basis for custody or whether petitioner had notice).

## IV. RELIEF

"In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013); *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief."); *see also Perera v. Jennings*, 598 F. Supp. 3d 736, 742 (N.D. Cal. 2022) ("Declaratory and injunctive relief are proper habeas remedies.").

Here, the Court agrees with Petitioner that the remedy Respondents offer, a belated bond hearing before an immigration judge, is inadequate to remedy the constitutional violations. Such relief would not address all of Petitioner's claims, including that ICE's arrest violated 8 U.S.C. § 1357(a)(2), and that the warrantless arrest violated constitutional due process requirements.

## V. CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) Judgment be entered

granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioner Aldo Romeo Galindo's (A#246-062-047) immediate release and restoration of liberty to the conditions existing prior to July 12, 2026, along with his personal belongings, including his identification, passport, work permits, and other documentation, and preventing his re-detention absent pre-deprivation notice and a constitutionally adequate pre-deprivation hearing at which the Government must justify the need to confine him prior to his re-detention; and (3) the parties shall file a joint status report no later than seven (7) days from the date of this Order confirming that Petitioner has been released from Respondents' custody. Additionally, the Petitioner and the Court shall be provided with at least three (3) days notice prior to Petitioner being removed from this jurisdiction.

IT IS SO ORDERED.

DATED: November 13, 2026

ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE